IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARMAINE CUSTIS,        : | |
|     Plaintiff,        : | |
| : | |
| v.        : | CIVL ACTION NO. 21-CV-3573 |
| : | |
| CITY OF PHILADELPHIA COURT OF : | |
| COMMON PLEAS, *et al.*,        : | |
|     Defendants.        : | |

**MEMORANDUM**

**KENNEY, J.**                                                                                                   **AUGUST 26, 2021**

Presently before the Court is Charmaine Custis's *pro se* Notice of Removal, her Motion to Proceed *In Forma Pauperis*, and her Motion to Seal. (ECF Nos. 1-3.) The Court will grant Custis leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. However, for the reasons below, the Court will remand the cases Custis sought to remove to the Philadelphia Court of Common Pleas, dismiss any civil claims she sought to bring, and deny her Motion to Seal.

**I.        FACTUAL ALLEGATIONS**

Custis's Notice of Removal is difficult to understand. That Custis filed it using the Court's form complaint for initiating a civil action makes the nature of her submission even more confusing.[1] It is not clear what case or cases Custis seeks to remove, although she appears to allude to several proceedings that either are pending or were previously pending in the Family

---

[1] The Court is not aware of any procedure by which a litigant can remove numerous state cases to federal court by filing only one notice of removal, or any procedure by which a litigant can file a notice of removal and civil complaint in one action. However, since Custis is proceeding *pro se*, the Court must construe her submission broadly and address the filing as presented.

Division of the Court of Common Pleas of Philadelphia.  (ECF No. 2 at 1.)² Specifically, Custis refers to: (1) "Annulment/Divorce D18128423, Spousal Support"; (2) "19-04412, Interstat [sic] case"; (3) "Def Kyle A. [illegible] [illegible] 88400 4347 case [illegible]"; (4) "Child support 321200 1504 [illegible]"; (5) "Domestic family court cases (all) and domestic violence cases"; (6) "PFA Case 2007 & 7936"; and (7) "PFA [illegible]."  (*Id.*)  So, it appears that Custis might be attempting to remove numerous cases from state court, which may or may not be pending and in which she may or may not be named as a defendant.  (*Id.*)

The caption of the Notice of Removal does not reflect the caption of the underlying cases that Custis seeks to remove.  Rather, she identifies Defendants as if she is also attempting to initiate a new civil action.  Specifically, she names the following Defendants in the caption: (1) City of Philadelphia Court of Common Pleas; (2) City of Philadelphia Family Court; (3) Court of Common Pleas Domestic Unit(s); (4) Hon. Sullman of CP Family Court; (5) Philadelphia Domestic Unit; (6) Philadelphia Domestic Violence Unit; (7) Administrative Judge Margaret T. Murphy; (8) "Law Clerk Ben"; (9) Divorce Master Jane Doe; (10) Supervisor of DVU Rich Matea; (11) Jane Doe a/k/a "Jay of Domestic Violence CUWH"; (12) Roy Chambers; (13) Hon. Diane Thompson and; (14) possibly, another Jane Doe Defendant.  (*Id.*)

Custis indicates that she seeks to invoke the Court's federal question jurisdiction and diversity jurisdiction.  (*Id.* at 2.)  In support of her jurisdictional assertion, she alleges that "[a]s a Native American Cherokee Indian 'blood rights' Plaintiff rights are to be protected under federal laws.  Fraud & Identity theft being treat as a non U.S. citizen is a Federal violation."  (*Id.*)  Custis's submission contains no other allegations or supporting material.

---

² The Court adopts the pagination supplied by the CM/ECF docketing system.

Two weeks after submitting her Notice of Removal, Custis submitted additional pages that were docketed as "Additional Pages for Complaint with Signed Forms" and which appear to be intended to be read with her initial submission.[3]  (*See* ECF No. 6.)  In those pages, Custis indicates that both she and the Defendants are Pennsylvania citizens and alleges that the events giving rise to her claims occurred in "August 2021 back through 1991." (*Id.* at 1.)  To the extent any claims can be discerned, Custis appears to be dissatisfied with how state judges handled family court matters in which, among other things, she sought a protection from abuse order.  In that regard, Custis alleges that the Defendants "violated [her] rights to equal and fair process, stalking, denying [her] PFA." (*Id.*)  Custis claims injuries in the form of "loss of back support, harassment, discrimination, [and] interference with filing." (*Id.* at 2.)  She seeks monetary damages, an "order of protection against staff at Phila Family Court who are violating [her] civil rights," and an "order to reinstate stolen missing funds by gang members defs father of children." (*Id.*)

## II.   MOTIONS

Before turning to the substance of Custis's Notice of Removal, the Court will address her Motions.  Since it appears that Custis is not capable of paying the fees to commence this civil action, the Court will grant her Motion for Leave to Proceed *In Forma Pauperis*.  *See* 28 U.S.C. § 1915.  Custis has also moved to seal this proceeding.  (ECF No. 3.)  The basis for that request is somewhat unclear but appears to be grounded in concern about unspecified "retaliation by Party obligor(s)" and physical, social, and financial harm "due to gang related parties." (*Id.*)  The "'strong presumption' of openness does not permit the routine closing of judicial records to

---

[3] The header on the ECF document suggests that Custis filed only partially complete paperwork with the Court, printed out the incomplete pages, and later completed and submitted them.

the public" and the "party seeking to seal any part of a judicial record bears the heavy burden of showing that 'the material is the kind of information that courts will protect' and that 'disclosure will work a clearly defined and serious injury' to the party seeking closure." *See Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994). "A party who seeks to seal an *entire* record faces an even heavier burden." *Id.* Custis's vague, unclear allegations do not meet this high standard, so the Court will deny her Motion to Seal.

### III.  NOTICE OF REMOVAL

As noted above, it appears that Custis is attempting to remove several cases from the Family Division of the Philadelphia Court of Common Pleas to this Court pursuant to the Court's federal question jurisdiction and diversity jurisdiction.[4] Pursuant to 28 U.S.C. § 1441(a), a defendant "may remove to the appropriate federal district court 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) (quoting 28 U.S.C. § 1441(a)). "In order for a case to be removable under § 1441 and § 1331, the well-pleaded complaint rule requires the federal question be presented on the face of the plaintiff's properly pleaded complaint." *Krashna v. Oliver Realty, Inc.*, 895 F.2d 111, 113 (3d Cir. 1990) (quotations omitted). Accordingly, the existence of federal defenses to a complaint generally does not support removal under § 1441 and § 1331. *See Aetna Health, Inc. v. Davila*, 542 U.S. 200, 207 (2004). To remove a case under § 1441 and § 1332, there must be complete diversity of

---

[4] Custis has failed to comply with the procedures for removal of civil actions, which require, among other things, that a defendant seeking to remove a civil action from state court submit a copy of "all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446. This procedural failure combined with the unclear nature of Custis's filing has made it difficult to understand what is at issue in this case. However, since the jurisdictional defects are dispositive here, the Court will focus on those.

citizenship among the parties and the amount in controversy must exceed $75,000.  *See* 28 U.S.C. § 1332(a).

Pursuant to § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  "The party asserting jurisdiction bears the burden of showing the action is properly before the federal court." *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 219 (3d Cir. 2005).  "The statute governing removal, 28 U.S.C. § 1441, must be strictly construed against removal." *Id.*  Further, the Court "has a continuing obligation to sua sponte raise the issue of subject matter jurisdiction if it is in question." *Bracken v. Matgouranis*, 296 F.3d 160, 162 (3d Cir. 2002).

Since Custis failed to file a copy of the pleadings in the underlying cases she sought to remove, the Court cannot review those documents to determine whether they raise a federal question.  In any event, matters of family law pertaining to divorce, spousal support, and domestic violence — all of which appear to be the only matters implicated here in the underlying cases — are matters of state law, rather than federal law, regardless of any federal defenses Custis intends to raise in those proceedings.  *See Mardis v. Mardis*, Civ. A. No. 11-374, 2011 WL 13210032, at *1 (D. Md. Feb. 14, 2011) (noting, in concluding remand was required, that "defendant Carolyn Mardis may not create federal jurisdiction by 'converting' the domestic violence action into a federal question by invoking military law").  Furthermore, nothing suggests that the parties in the underlying cases are diverse or what the amount in controversy is in those cases.  Regardless, cases involving matters of divorce, alimony and child support are outside federal jurisdictional bounds.  *See Matusow v. Trans-Cty. Title Agency, LLC*, 545 F.3d 241, 245 (3d Cir. 2008) (explaining that "[t]he Supreme Court has long recognized a domestic

relations exception to federal diversity jurisdiction" that encompasses cases involving the issuance of divorce, alimony, and child custody decrees).

It is also worth noting it is not even clear that Custis is a defendant in any or all the cases she seeks to remove, which is also problematic because only a defendant may remove a case to federal court. *See Conner v. Salzinger*, 457 F.2d 1241, 1243 (3d Cir. 1972) ("It is settled that the cited removal statutes confine the right of removal from a state court to a federal district court to *a defendant or defendants.*"). It is also possible, given the reference to a "PFA case" from 2007, which presumably refers to a state proceeding involving a protection from abuse order, that some of the proceedings Custis seeks to remove are resolved, and that her efforts to remove them are moot. *See Werth v. Stern*, Civ. A. No. 12-0856, 2012 WL 13076233, at *2 (D.N.M. Sept. 7, 2012) (litigant had no standing to "seek judicial action" in proceedings she attempted to remove because, in part, "the domestic violence proceedings are now moot because they are closed").

In sum, there is simply no basis alleged for the Court's jurisdiction here over whatever cases Custis is trying to remove.[5] Custis's submission is far too deficient to properly invoke the

[5] The jurisdictional concepts discussed in this Memorandum should not be new to Custis, who has also gone by Charmaine Prater and Charmaine Prater Colon, since she has previously attempted to remove several cases to this Court unsuccessfully. *See Phila. License & Inspection v. Prater*, Civ. A. No. 20-1035 (E.D. Pa.) (remanding cases Custis sought to remove in which she was the plaintiff); *Prater v. Grossman*, Civ. A. No. 18-1526 (E.D. Pa.) (remanding to the Domestic Relations Division of the Court of Common Pleas for Delaware County cases that Prater sought to remove in which she was a plaintiff); *City of Phila. v. Colon*, Civ. A. No. 18-105 (E.D. Pa.) (remanding case involving a tax lien to the Philadelphia Court of Common Pleas); *Phila. Housing Auth. v. Prater*, Civ. A. No. 17-4312 (E.D. Pa.) (remanding to the Orphan's Division of the Philadelphia Court of Common Pleas a case involving Custis's incapacitated mother); *Phila. Corp. of the Aging v. Prater*, Civ. A. No. 17-4304 (E.D. Pa.) (same); *City of Phila. Revenue Dep't v. Prater*, Civ. A. No. 16-6689 (E.D. Pa.) (same); *Serrano v. Prater*, Civ. A. No. 16-6688 (E.D. Pa.) (remanding case concerning abandoned property to Philadelphia Court of Common Pleas).

jurisdiction of this Court. Accordingly, the Court will remand these cases to the Family Division of the Philadelphia Court of Common Pleas pursuant to 28 U.S.C. § 1447(c).

## IV. CIVIL COMPLAINT

### A. Standards of Review

Since Custis is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) require the Court to dismiss her Complaint if it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Custis is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011); *Vogt v. Wetzel*, No. 18-2622, 2021 WL 3482913, at *2 (3d Cir. Aug. 9, 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### B. Discussion

Custis's Complaint is vague, generalized, and difficult to read. Liberally construing the pleading (meaning the Notice of Removal and additional pages together), and given Custis's reference to civil rights and equal protection, the Court understands her to be pursuing constitutional claims under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must

allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  Custis's claims fail for several reasons.

First, Defendants City of Philadelphia Court of Common Pleas, City of Philadelphia Family Court, and Court of Common Pleas Domestic Unit(s), may not be sued under § 1983. These Defendants are state courts or divisions of state courts, so they are entitled to Eleventh Amendment immunity from suit and are not considered "persons" for purposes of § 1983.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989) (states are entitled to Eleventh Amendment immunity from claims under 42 U.S.C. § 1983 and are not "persons" for purposes of that provision); *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005) (state courts in Pennsylvania share in the Commonwealth's Eleventh Amendment immunity); *see also* 42 Pa. Cons. Stat. § 8521(b) ("Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States.").  Accordingly, there is no legal basis for Custis's claims against these Defendants.

Second, Custis has made almost no allegations against the remaining Defendants that would explain their personal involvement in the events giving rise to her claims (to the extent her claims can be discerned at all).  Since she has failed to allege each Defendant's personal involvement, she has failed to state claims against them.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (explaining that, to be liable, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs").

Third, it appears that Custis might be trying to bring claims against some or all of the judges based on how they ruled in matters before them in state court to which Custis was a party.

However, judges are entitled to absolute immunity from § 1983 claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam). "Although 'absolute judicial immunity extends only to claims for damages,' *Larsen v. Senate of the Commonwealth*, 152 F.3d 240, 249 (3d Cir. 1998), to the extent [a plaintiff] seeks injunctive relief, 'in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.'" *Kornafel v. Del Chevrolet*, 788 F. App'x 895, 896-97 (3d Cir. 2020) (quoting 42 U.S.C. § 1983). Nothing in suggests that this exception applies here.

Fourth, quasi-judicial immunity precludes § 1983 claims against court administrative personnel tasked with carrying out facially valid court orders. *See Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 772-73 (3d Cir. 2000). Furthermore, quasi-judicial immunity "has been extended over time to protect a range of judicial actors, including . . . those who serve as arms of the court, fulfill[ing] a quasi-judicial role at the court's request, such as guardians ad litem or court-appointed doctors." *See Russell v. Richardson*, 905 F.3d 239, 247 (3d Cir. 2018) (internal quotations, citations, and alterations omitted). So, to the extent Custis is suing the divorce master or law clerk based on their exercise of a quasi-judicial role or for carrying out facially valid court orders, her claims fail.

Fifth, Custis has not alleged a constitutional violation. "Fundamentally, procedural due process requires notice and an opportunity to be heard" in a meaningful time and manner. *Mancini v. Northampton Cty.*, 836 F.3d 308, 315 (3d Cir. 2016) (citing *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)). Plaintiffs pursuing an equal protection claim must allege that they were

9

purposefully discriminated against, in that "they received different treatment from that received by other individuals *similarly situated*." *Shuman ex rel. Shertzer v. Penn Manor Sch. Dist.*, 422 F.3d 141, 151 (3d Cir. 2005) (emphasis in original). Custis's allegations do not plausibly allege that she was denied due process or equal protection in connection with matters that are or were pending in state court or based on any other ground.

Fifth, many of Custis's claims appear time-barred. Pennsylvania's two-year limitations period applies to Custis's § 1983 claims. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007). The limitations period began to run from the time Custis "knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). Here, it appears that Custis is raising claims based on several state court proceedings and events going back to 1991. Certainly, several of those claims are time-barred.

Sixth, to the extent Custis is suing any agencies of the City of Philadelphia, which is unclear, "[a] department[ ] of the City of Philadelphia itself, [is] not [a] proper defendant[ ]" in an action brought under § 1983. *Russell v. City of Philadelphia*, 428 Fed. App'x 174, 177 (3d Cir. 2011) (citing 53 Pa. Con. Stat. Ann. § 16257; *Bey v. City of Philadelphia*, 6 F. Supp. 2d 422, 423 (E.D. Pa. 1998)). And, to the extent she was attempting to sue the City itself, which is also unclear, Custis has not alleged a municipal policy or custom that caused the violation of her constitutional rights, as would be required to state a plausible claim. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978))

In sum, Custis's Complaint fails for numerous reasons. However, because it is possible that, if given an opportunity to amend, Custis could state a basis for a timely claim against an appropriate defendant, she will be given leave to do so.

### III. CONCLUSION

For the foregoing reasons, the Court will grant Custis leave to proceed *in forma pauperis*, deny her Motion to Seal, and remand the cases Custis sought to remove to the Family Division of the Philadelphia Court of Common Pleas. To the extent Custis's submission can be construed as a new civil complaint, her claims are dismissed. Any claims against the Defendants who are state courts or divisions of state courts are dismissed with prejudice and any additional claims Custis sought to raise are dismissed without prejudice to her filing an amended complaint.[6] An Order follows, which provides further instruction as to amendment.

BY THE COURT:

/s/ Chad F. Kenney

**CHAD F. KENNEY, J.**

---

[6] Although several of the defects noted above are not curable, Custis's submission is so unintelligible, it is difficult for the Court to ascertain her claims with any degree of accuracy. So, as required, the Court will take a lenient approach in favor of amendment.