IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARMAINE CUSTIS,<br>      Plaintiff,<br><br>v.<br><br>CITY OF PHILADELPHIA COURT OF<br>COMMON PLEAS, *et al.*,<br>      Defendants. | :<br>:<br>:<br>:   CIVL ACTION NO. 21-CV-3573<br>:<br>:<br>:<br>: |

**ORDER**

AND NOW, this 26th day of August, 2021, upon consideration of Charmaine Custis's Motion to Proceed *In Forma Pauperis* (ECF No. 1), her Notice of Removal, which is in essence an improper hybrid notice of removal and complaint (ECF No. 2), her Motion to Seal (ECF No. 3) and her "Additional Pages for Complaint with Signed Forms" (ECF No. 4) it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. The Notice of Removal is **DEEMED** filed.

3. The Motion to Seal is **DENIED**.

4. The Clerk of Court is **DIRECTED** to **UNSEAL** this case.

5. The state cases that Custis sought to remove to this Court are **REMANDED** to the Family Division of the Philadelphia Court of Common Pleas, pursuant to 28 U.S.C. § 1447(c), because this Court lacks subject matter jurisdiction.

6. To the extent Custis's filing can be construed as a civil Complaint, the Complaint is **DISMISSED** as follows for the reasons stated in the Court's Memorandum:

    a. Claims against the "City of Philadelphia Court of Common Pleas," "City of Philadelphia Family Court" and "Court of Common Pleas Domestic Unit(s)" are

**DISMISSED WITH PREJUDICE** and the Clerk of Court shall **TERMINATE** these Defendants as parties to this case.

    b. Custis's remaining claims against the remaining Defendants are **DISMISSED WITHOUT PREJUDICE** to amendment in accordance with paragraph seven (7) of this Order.

  7. Custis may file an amended complaint within thirty (30) days of the date of this Order as to those claims the Court dismissed without prejudice. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Custis's claims against each defendant. The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. When drafting her amended complaint, Custis should be mindful of the Court's reasons for dismissing the claims in her initial Complaint as explained in the Court's Memorandum. Custis is encouraged to write clearly and legible so that the Court can understand her claims. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

  8. The Clerk of Court is **DIRECTED** to send Custis a blank copy of this Court's current standard form to be used by a self-represented litigant filing a civil action bearing the above-captioned civil action number. Custis may use this form to file her amended complaint if she chooses to do so.[1]

  9. If Custis does not wish to amend her Complaint and instead intends to stand on

---

[1] This form is available on the Court's website at
http://www.paed.uscourts.gov/documents/forms/frmcgenf.pdf.

her Complaint as originally pled, she may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

10. If Custis fails to file any response to this Order, the Court will conclude that Custis intends to stand on her Complaint and will issue a final order dismissing this case.[2] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be

---

[2] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on her complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend her complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).

inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

BY THE COURT:

/s/ Chad F. Kenney
_____
**CHAD F. KENNEY, J.**
