IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARMAINE CUSTIS,  :  | |
|     Plaintiff,  : | |
| : | |
| v.  : | CIVL ACTION NO. 21-CV-3573 |
| : | |
| CITY OF PHILADELPHIA COURT OF  : | |
| COMMON PLEAS, *et al.*,  : | |
|     Defendants.  : | |

### MEMORANDUM

**KENNEY, J.**                                                                                           **DECEMBER 1, 2021**

      Presently before the Court is an Amended Complaint filed by Plaintiff Charmaine Custis, which, like her initial pleading, appears to seek removal of several state cases to this Court and to bring civil rights claims in connection with those cases. (ECF No. 15.) Custis also filed a "Motion for Extra Ordinary Relief," exhibits under seal, and an untitled Motion that essentially seeks additional time for her to retain an attorney and file an amended complaint with the attorney's assistance. (ECF No. 13, 14 & 16.) For the following reasons, the Court will remand the cases Custis has again attempted to remove to this Court and will dismiss her civil rights claims.

### I.     FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

      Custis initiated this case by filing what was essentially a vague and unclear pleading best described as a hybrid of a Notice of Removal and Complaint, which appeared to pertain to various domestic relations proceedings in state court. (ECF No. 2.) Custis also filed a Motion to Seal her case (ECF No. 3), a Motion to Proceed *In Forma Pauperis* (ECF No. 1), and a document entitled "Additional Pages for Complaint with Signed Forms" (ECF No. 6) submitted approximately two weeks after she initiated this case, which appeared to be intended to be read

in conjunction with her initial pleading.  In an August 26, 2021 Memorandum and Order, the Court granted Custis leave to proceed *in forma pauperis* and denied her Motion to Seal.  (ECF Nos 7 & 8.)  Turning to the substance of Custis's initial pleading, the Court observed it appeared "that Custis [was] attempting to remove several cases from the Family Division of the Philadelphia Court of Common Pleas to this Court pursuant to the Court's federal question jurisdiction and diversity jurisdiction."  *Custis v. City of Philadelphia Ct. of Common Pleas*, Civ. A. No. 21-3573, 2021 WL 3784257, at *2 (E.D. Pa. Aug. 26, 2021).  However, since Custis failed to allege a basis for the Court's jurisdiction over those cases, the Court remanded any such cases pursuant to 28 U.S.C. § 1441(c).  *Id.* at *3.

Given the liberal construction afforded to *pro se* litigants such as Custis and the confusing nature of her filing, the Court also construed Custis's submission as a civil Complaint raising claims pursuant to 42 U.S.C. § 1983, and screened the pleading under 28 U.S.C. § 1915(e)(2)(B).  *Id.* at *4 ("Liberally construing the pleading (meaning the Notice of Removal and additional pages together), and given Custis's reference to civil rights and equal protection, the Court understands her to be pursuing constitutional claims under 42 U.S.C. § 1983.").  So construed, the Court concluded that Custis's claims failed for numerous reasons:  (1) Defendants City of Philadelphia Court of Common Pleas, City of Philadelphia Family Court, and Court of Common Pleas Domestic Unit(s), were state courts not subject to liability under § 1983; (2) Custis "made almost no allegations against the remaining Defendants that would explain their personal involvement in the events giving rise to her claims (to the extent her claims can be discerned at all)"; (3) to the extent Custis was suing state judges based on how they "ruled in matters before them in state court to which Custis was a party," her claims were barred by absolute judicial immunity; (4) quasi-judicial immunity precluded Custis's § 1983 claims against

court administrative personnel tasked with carrying out facially valid court orders; (5) Custis failed to "plausibly allege that she was denied due process or equal protection in connection with matters that are or were pending in state court or based on any other ground"; (6) some of Custis's claims appeared time-barred since she referred to "events going back to 1991"; and (7) agencies of the City of Philadelphia were not susceptible to suit under § 1983 and to the extent Custis was suing the City, she failed to allege that a municipal policy or custom caused the violation of her constitutional rights. *Id.* at *4-5.

Given the absence of clarity surrounding the allegations giving rise to her claims, the Court gave Custis an opportunity to file an amended complaint. *Id.* at *5. Custis moved for, and was granted, two extensions of time to file her amended complaint. (ECF Nos. 9-12.) Custis recently returned with and Amended Complaint and her other pending filings.[1] The Amended Complaint, which is also titled "Notice of Removal," names the following Defendants in the caption: (1) City of Philadelphia Domestic Relations; (2) Penna State Court of Common Pleas; (3) Honorable Daniel Sulman "AKA Former Master Of Common Pleas Crt of Phila Domestic Relation"; (4) Richard Mattia, identified as "Supervisor of Phila Domestic Violence Unit"; (5) Honorable Diane Thompson; (6) Dennis L. O'Connell, Esquire, identified as "'Master' Divorce

---

[1] The Court's most recent extension directed Custis to file her Amended Complaint by November 12, 2021. (ECF No. 12.) In her "Motion for Extra Ordinary Relief" Custis in part asks the Court to accept her Amended Complaint, which was filed on November 15, 2021, after the deadline. The Court will grant this aspect of the Motion and accept Custis's Amended Complaint. The Motion also asks the Court to reconsider its denial of her Motion to Seal to permit her to "seal part of this matter that involves Hippa and confidential information" since "[t]he matters [she] is seeking to be seal[ed] [are] sealed in the lower court." (ECF No. 13 at 1.) This request appears to pertain to Custis's Exhibits, which contain various documents relating to domestic relations proceedings she filed in state court against an individual who appears to be her now ex-husband. (ECF No. 14.) Given Custis's representation that certain matters she filed in her exhibits were sealed in the state courts, the Court will grant this aspect of the Motion as well and will permit these exhibits to remain sealed.

Unit"; (7) Anita Bakis, identified as "Clerk for Dennis L. O'Connell, Esquire"; (8) "Domestic Violence Clerk Ms. Geneva"; and (9) "Domestic Violence Clerk Ms. Darlene." (ECF No. 15 at 1.)[2]  On the second page of the Complaint, Custis appears to name an additional Defendant, "City of Phila Court of Common Pleas Domestic Relation Court of Clerk William Shakis." (*Id.* at 2.)  All of the Defendants are a Pennsylvania state court, Judges who serve on that court, court employees, or individuals appointed to serve as special masters in court proceedings and their staff.

The Amended Complaint indicates that Custis is raising federal questions, apparently pursuant to 42 U.S.C. § 1983, based on her allegations that Judges and staff of the Domestic Relations Unit of the Family Division of the Philadelphia Court of Common Pleas violated her rights by discriminating against her in connection with several cases she filed in that court. (*Id.* at 2-3.)  The gist of her allegations is that the state court, judges of that court, court staff, and special masters appointed to handle domestic relations proceedings to which Custis was a party improperly ruled against her, failed to accommodate her unspecified disabilities or give weight to her arguments, were biased against her, and failed to provide her relief to which she believes she is or was entitled. (*Id.* at 6-10.)  Although Custis generally refers to domestic relations matters between 1990 and 2021, (*id.* at 3), reading her Amended Complaint in context with her exhibits suggests that most of her allegations concern petitions she filed in 2018 against her now former husband in which she sought annulment, divorce, and spousal support.[3] (*Id.*; *see also* ECF No. 14 at 16-24.)

---

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

[3] Custis's exhibits are comprised of documents filed in or related to a case in the Philadelphia Court of Common Pleas Family Court Division, case number D18128423, which correlates with the case number referred to in her Amended Complaint (which is not sealed). The documents

However, Custis's allegations are pled in a disjointed and stream of consciousness manner; she often refers to conduct of individuals who are not parties, refers to the Defendants in the collective, and pleads her allegations in manner such that it is not clear how they relate to each other or whether they relate to the same proceeding. In addition to Custis's general allegations, she raises the following allegations against the named Defendants:

- "The Court of Common Pleas in Phila. Plf rights have been infringed upon by Clerks Supervisors Mattia, Grosso [not named as a Defendant], Roy Chambers [not named as a Defendant] as Plaintiff timely filings and proof of [illegible] & Custis services were rejected unjustly as well as the Domestic Violence form for Service timely filed." (*Id.* at 3.)

- "Court Clerk Williams Shakis aka Bill have utilize his authority in an unprofessional manner allowing Plaintiff entire divorce file (annulment petition) allowing her submitted amended filing for rehabilitation, alimony as well as updated of defs where about proof of Def's mental health (insane) schizophrenia & Bipolar medical documents . . . ." (*Id.*)

- "The court staff Anita Bakis of Divorce Unit is responsible for Plf. [Annulment] Divorce file that have been altered." (*Id.*) She adds that Bakis "of the Master's Unit" failed to timely docket her filings and discriminated against her by applying different rules to her, as opposed to her husband. (*Id.* at 6.)

- "Plf. [Annulment] Divorce file that have been altered plt filings removed as both Bill and Anita claim [they] did not know where plaintiff file D18128423 was for approx. 1 year to Rule in favor of the male def as they assisted him . . . ." (*Id.* at 3.)

- Custis also appears to be alleging that the "assigned master per instruction of Anita Bakis and Dennis L. O'Connell" repeatedly called her, which led her to be assaulted by her abusive husband. (*Id.* at 4.)

---

also include applications that Custis filed for protection from abuse orders. She also attached a docket for an archived custody case that was filed in 1995 and resolved in 1998, the relevance of which to her claims against the named Defendants is unclear. Assuming Custis is bringing claims based on events that occurred in this case between 1995 and 1998, the two-year statute of limitations bars her claims. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007).

Custis also refers to a proceeding in October of 2021 that appears to have concerned her petition for annulment and/or divorce. (*Id.* at 6.) She claims her rights were violated at that proceeding because Master O'Connell, who appears to have been assigned to preside over the hearing, gave greater rights to Custis's now former husband, permitted him to slander Custis, and denied Custis an unspecified "reasonable accommodation" and the full time she requested to present her case. (*Id.* at 6-7.) Custis also suggests that O'Connell improperly ruled in favor of her husband and that he and his staff were biased against her. (*Id.* at 6 & 8.) This allegation appears to pertain at least in part to a Master's Report prepared by O'Connell denying Custis's petition for annulment (even though the divorce was granted) and denying Custis's request for alimony. (ECF No. 14 at 16-24.) That report, along with a lengthy email O'Connell sent to Custis, reflect that there was some back and forth between Custis and the court regarding the deficiencies in service and how to cure those deficiencies, which were ultimately resolved. (*Id.* at 18-19; *see also id.* at 2-3.)

Judge Thompson and Judge Sulman also allegedly deprived Custis of "fair hearings" and "discriminated" against her in proceedings concerning annulment, divorce, spousal support, and child support. (ECF No. 15 at 7-8.) It is not clear whether these allegations concern the same proceeding or a different proceeding from the one in which O'Connell was involved, or how many proceedings are at issue here. Custis claims that the Defendants are "allegedly using gang related organized crimes" to prevent her from recovering debts owed to her for past child support and spousal support. (*Id.* at 8.) She adds that the court "refused [her] service" which she characterizes as slander, libel and humiliation, and alleges that a third party "allowed" her "right to a timely annulment to be denied," and claims that assorted motions, petitions, and protection

6

from abuse applications she filed in state court were altered. (*Id.* at 6 & 9.) As a result, Custis alleges that she was denied "Equal Justice Under the Law." (*Id.* at 7.)

Custis claims to have suffered the loss of "revenues back arrears" and the denial of child support, among other things. (*Id.* at 3.) She also appears to be claiming that the alleged mishandling of her domestic relations proceedings subjected her to abuse and harm from her ex-husband. (*Id.* at 7.) As relief, she asks the Court to "address the ongoing violation of [her] rights at Phila. Family Court and other Common Pleas Court(s) where [malicious] gossip is being utilized to deny [her] equal [protection]." (*Id.* at 4.) Although the Court already rejected her attempt to remove unspecified state court proceedings, Custis again asks the Court to "approve the removal From Common Pleas Court Family Court to address Civil Rights Violations as plt have no other remedy due to the Federal Violations Banking Laws Violations frauds slander libel assaults utilized to silence plt and Civil Right Violations." (*Id.* at 10.)

### III. NOTICE OF REMOVAL

It again appears that Custis is attempting to remove several cases from the Family Division of the Philadelphia Court of Common Pleas to this Court pursuant to the Court's federal question jurisdiction, apparently based on her belief that the proceedings are being handled in a manner that violates her civil rights. Pursuant to 28 U.S.C. § 1441(a), a defendant "may remove to the appropriate federal district court 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) (quoting 28 U.S.C. § 1441(a)). "In order for a case to be removable under § 1441 and § 1331, the well-pleaded complaint rule requires the federal question be presented on the face of the plaintiff's properly pleaded complaint." *Krashna v. Oliver Realty, Inc.*, 895 F.2d 111, 113 (3d Cir. 1990) (quotations omitted). Accordingly, the

7

existence of federal defenses to a complaint generally does not support removal under § 1441 and § 1331. *See Aetna Health, Inc. v. Davila*, 542 U.S. 200, 207 (2004).

Pursuant to § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." "The party asserting jurisdiction bears the burden of showing the action is properly before the federal court." *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 219 (3d Cir. 2005). "The statute governing removal, 28 U.S.C. § 1441, must be strictly construed against removal." *Id.* Further, the Court "has a continuing obligation to sua sponte raise the issue of subject matter jurisdiction if it is in question." *Bracken v. Matgouranis*, 296 F.3d 160, 162 (3d Cir. 2002).

Again, since Custis failed to file a copy of the pleadings in the underlying cases she sought to remove, the Court cannot review those documents to determine whether they raise a federal question. In any event, as noted in the Court's prior Memorandum in this case, *see Custis*, 2021 WL 3784257, at *3, matters of family law pertaining to divorce, spousal support, and domestic violence — all of which appear to be the only matters implicated here in the underlying cases — are matters of state law, rather than federal law, regardless of any federal issues Custis intends to raise in those proceedings. *See Mardis v. Mardis*, Civ. A. No. 11-374, 2011 WL 13210032, at *1 (D. Md. Feb. 14, 2011) (noting, in concluding remand was required, that "defendant Carolyn Mardis may not create federal jurisdiction by 'converting' the domestic violence action into a federal question by invoking military law"). Additionally, as far as the Court can discern, Custis is not a defendant in any or all the cases she seeks to remove, which is problematic because only a defendant may remove a case to federal court. *See Conner v. Salzinger*, 457 F.2d 1241, 1243 (3d Cir. 1972) (explaining that "[i]t is settled that the cited removal statutes confine the right of removal from a state court to a federal district court to *a*

*defendant or defendants*" and treating a plaintiff's effort to remove his own case as a jurisdictional defect). Indeed, Custis's exhibits all concern proceedings in which she lists herself as the plaintiff or petitioner. (ECF No. 14.)

In sum, there is simply no apparent basis for the Court's jurisdiction over the cases it appears Custis is trying to remove. Accordingly, the Court will again remand these cases to the Family Division of the Philadelphia Court of Common Pleas pursuant to 28 U.S.C. § 1447(c).

## IV. AMENDED COMPLAINT

### A. Standard of Review

Since Custis is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) require the Court to dismiss her Amended Complaint if it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Custis is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### B. Discussion

As with her initial submission in this case, it appears Custis is pursuing constitutional claims under 42 U.S.C. § 1983 for violation of her constitutional rights. Liberally construing the

9

Amended Complaint, the Court understands Custis to be pursuing due process and equal protection claims based on the manner in which her cases were handled in state court.[4] "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Custis's claims fail for several reasons.

### 1. Claims Against the State Court

Custis raises claims against the "City of Philadelphia Domestic Relations" and "Penna State Court of Common Pleas" which the Court understands from context to be claims against the Domestic Relations Unit of the Family Division of the Philadelphia Court of Common Pleas. As explained to Custis in the Court's August 26, 2021 Memorandum, state courts and divisions of state courts "are entitled to Eleventh Amendment immunity from suit and are not considered 'persons' for purposes of § 1983." *Custis*, 2021 WL 3784257, at *4; *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989) (states are entitled to Eleventh Amendment immunity from claims under 42 U.S.C. § 1983 and are not "persons" for purposes of that provision); *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005) (state courts in Pennsylvania share in the Commonwealth's Eleventh Amendment immunity); *see also* 42 Pa. Cons. Stat. § 8521(b) ("Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the

---

[4] It is not clear whether the orders and rulings of which Custis complains are "final" for purposes of *Rooker-Feldman*, so the Court cannot say at this time that Custis is essentially pursuing an improper appeal of a state court judgment under the *Rooker-Feldman* doctrine. *See Malhan v. Sec'y United States Dep't of State*, 938 F.3d 453, 461 (3d Cir. 2019). It also does not appear that abstention would be appropriate here. *Id.* at 462-64.

Constitution of the United States."). Accordingly, there is no legal basis for Custis's claims against these Defendants.

### 2. Claims Against Judges and Divorce Master O'Connell

Custis's claims against Judge Sulman, Judge Thompson, and Divorce Master O'Connell are barred by absolute immunity. Judges are entitled to absolute immunity from § 1983 claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam). "Although 'absolute judicial immunity extends only to claims for damages,' *Larsen v. Senate of the Commonwealth*, 152 F.3d 240, 249 (3d Cir. 1998), to the extent [a plaintiff] seeks injunctive relief, 'in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.'" *Kornafel v. Del Chevrolet*, 788 F. App'x 895, 896-97 (3d Cir. 2020) (quoting 42 U.S.C. § 1983). Similarly, quasi-judicial immunity "has been extended over time to protect a range of judicial actors, including . . . those who serve as arms of the court, fulfill[ing] a quasi-judicial role at the court's request, such as guardians ad litem or court-appointed doctors." *See Russell v. Richardson*, 905 F.3d 239, 247 (3d Cir. 2018) (internal quotations, citations, and alterations omitted). Quasi-judicial immunity provides absolute immunity to those who perform functions closely associated with the judicial process. *Id.*

Here, Custis's claims against Judge Sulman, Judge Thompson, and Divorce Master O'Connell are all based upon how they handled and ruled in judicial proceedings and hearings to which they were assigned in which Custis was a party. In other words, Custis's claims stem from how these Defendants ruled in the proceedings she filed in the Philadelphia Court of

Common Pleas, including but not limited to O'Connell's ruling on her petition for annulment, divorce, and support.  Accordingly, these Defendants are entitled to absolute immunity from Custis's claims.[5]  *See, e.g.*, *Acavino v. Wilson*, 789 F. App'x 308 (3d Cir. 2020) (*per curiam*) (concluding that Divorce Master O'Connell was entitled to absolute quasi-judicial immunity from claims based on how he handled a hearing in the Philadelphia Court of Common Pleas, Family Division, to which he was assigned).

### 3. Claims Against Court Staff

Custis has failed to state a claim against the remaining Defendants — Mattia, Bakis, Ms. Geneva, Ms. Darlene and Shakis — all of whom appear to be staff employed within the Philadelphia Court of Common Pleas.  Importantly, a plaintiff must allege a defendant's personal involvement in the alleged wrongs to state a plausible claim.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (explaining that, to be liable, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs").  Where there are multiple events and defendants at issue, this often cannot be accomplished by repeatedly and collectively referring to the "Defendants" as a group without clarifying the specific basis for each Defendant's liability.  *See Lawal v. McDonald*, 546 F. App' x 107, 113 (3d Cir. 2014) (agreeing with the district court that the repeated and collective use of the word "Defendants" "fail[ed] to name which specific Defendant engaged in the specific conduct alleged'").

Here, the majority of Custis's allegations are pled in the collective and appear to discuss a wide range of conduct across several court proceedings, making it difficult for the Court to discern with any clarity what each Defendant is alleged to have done.  Custis does not appear to

---

[5] To the extent Custis is attributing liability to O'Connell, or any other Defendants, for assaults committed against her by her ex-husband, there is no legal basis for such a claim.

12

raise any allegations at all against Ms. Geneva and Ms. Darlene.  Her allegations against Mattia, Bakis, and Shakis are also generalized and unclear.  To the extent Custis is bringing claims based on allegations that these Defendants carried out orders of O'Connell and the Judges of the Philadelphia Court of Common Pleas, her claims are barred by quasi-judicial immunity.  *See Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 772-73 (3d Cir. 2000) (quasi-judicial immunity precludes § 1983 claims against court administrative personnel tasked with carrying out facially valid court orders).  To the extent quasi-judicial immunity does not apply, Custis's allegations are unclear.

Custis appears to be alleging that these court employees treated her unprofessionally, altered her file in an unspecified manner, misplaced the file for a period of time and/or did not timely docket certain of her filings.  Most of these allegations are undeveloped, although it appears some portion of them relate to the docketing of matters pertaining to whether Custis properly served her 2018 case, which appears to have been an issue in the case that was ultimately resolved.  (ECF No. 14 at 17-19.)  The Court understands Custis to be pursuing her claims as due process and equal protection claims.  "Fundamentally, procedural due process requires notice and an opportunity to be heard" in a meaningful time and manner.  *Mancini v. Northampton Cty.*, 836 F.3d 308, 315 (3d Cir. 2016) (citing *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)).  Here, Custis's exhibits reflect that she received considerable process in the form of explanations, instructions, and additional time from the state court to effect service and none of the other allegations of the Amended Complaint otherwise support a plausible due process violation here attributable to these Defendants.  To the extent items were not docketed or something was altered, Custis has not alleged facts that would amount to a due process violation. *See Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are merely consistent with a

13

defendant' s liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotations omitted)); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed.").

Nor has Custis alleged an equal protection violation. Plaintiffs pursuing an equal protection claim must allege that they were purposefully discriminated against, in that "they received different treatment from that received by other individuals *similarly situated*." *Shuman ex rel. Shertzer v. Penn Manor Sch. Dist.*, 422 F.3d 141, 151 (3d Cir. 2005) (emphasis in original). Custis's allegations do not plausibly allege that she was denied equal protection in connection with matters that are or were pending in state court or based on any other ground. She simply alleges that she was discriminated against, without alleging facts showing she was treated differently from others similarly situated. In sum, her allegations do not state a plausible constitutional violation against these Defendants.

## III. CONCLUSION

For the foregoing reasons, the Court will grant Custis's "Motion for Extra Ordinary Relief," remand the cases Custis sought to remove to the Family Division of the Philadelphia Court of Common Pleas, and dismiss Custis's civil claims. Since Custis was already given leave to amend and since she failed to cure the defects in her claims, the Court concludes that amendment would be futile.[6] The Motion for Additional Time to Amend Case is denied because Custis has already been granted several extensions in this case and because she seeks to raise

---

[6] In the event Custis's pleading can be construed to raise state law claims, which is unclear, she had not adequately pled a basis for the Court's jurisdiction over those claims. 28 U.S.C. § 1332(a).

claims with legal defects that cannot be cured.[7] An Order follows, which shall be docketed separately.

                                            **BY THE COURT:**

                                            /s/ Chad F. Kenney

                                            **CHAD F. KENNEY, J.**

---

[7] To the extent the Motion can be construed as a request for counsel, that request is also denied. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis).